KAUFMAN, RESPONDENT, v. COOPER ET AL., APPELLANTS.

(No. 2,699.)

(Submitted May 4, 1909.   Decided May 22, 1909.)

[101 Pac. 969.]

*Judgment — Restraining Enforcement — Tender — Pleadings—
Election of Remedies—Estoppel—Counterclaims.*

Judgment—Restraining Enforcement—Pleadings—Tender.
   1.   In an action to enjoin the enforcement of a judgment against him amounting to over $7,000, plaintiff alleged, *inter alia,* that defendants were indebted to him in a sum in excess of $5,000 and insolvent, and that he was willing and ready to pay the balance of the judgment in favor of defendants. The court issued an order granting an injunction *pendente lite. Held,* that for failing to make a tender of the amount admittedly due to defendants, the complaint did not state facts sufficient to entitle plaintiff to the relief granted.

Same—Inequitable Relief.
   2.   The order of the court in restraining defendants from receiving from plaintiff the balance admittedly due them unless they consented to his obtaining a judgment against them for the amount of his claim,. was tantamount to requiring them to waive any defense they might have, and therefore inequitable.

Same—Insolvency—Evidence—Admissibility.
   3.   The court erred in refusing to permit defendants to introduce proof that plaintiff when making the offer referred to in paragraph 1 above, that he was ready and willing to pay the balance due them, was insolvent.

Same—Defenses—Attorneys' Liens—Who may Assert.
   4.   An attorney's lien upon a judgment, the enforcement of which is sought to be enjoined, can only be asserted by the attorney himself and not by the party against whom the injunction is asked.

Election of Remedies—Mistake—Effect.
   5.   While a party to whom the law furnishes two or more methods of redress in a given case, based upon inconsistent theories, is put to his

election, and bound by it if made with full knowledge of the facts, he will not be held to have made an election of remedies if he prosecutes an action based upon a remedial right which he erroneously supposed he had, but did in fact not have, and is defeated because of his error, but may in a new action assert one which he has, even though inconsistent with the one first set up.

Judgment—*Res Adjudicata*—Estoppel.

6. Where plaintiff in a claim and delivery action, in which he was defeated, had not made any assertion that defendants were indebted to him, although they admitted that they owed him a certain amount, the matter of their indebtedness to him could not have been litigated, and he. was therefore not estopped from thereafter in a separate action to assert such indebtedness.

Counterclaims—What Constitutes.

7. To constitute a counterclaim, a failure to plead which will thereafter bar an action thereon, it must appear affirmatively from the pleadings that the cause of action asserted is one "arising out of the contract or transaction, set forth in the complaint, as the foundation of the plaintiff's claim, or connected with the subject of the action." (Revised Codes, sec. 6541.)

Same—"Connected with Subject of Action."

8. That new matter constituting a counterclaim may be said to be "connected with the subject of the action," it must present some legal relationship with the subject of plaintiff's action as disclosed in his complaint.

Same.

9. Defendants had brought an action against plaintiff to recover the amount of a note alleged to have been received by him to their use. In his answer plaintiff admitted the receipt of the money but denied the other material allegations of the complaint. Subsequently plaintiff brought suit against defendants on an indebtedness alleged to be due him from them on a sale of goods. The consideration for the note did not appear in the record on appeal in the suit by plaintiff against defendants. *Held*, that plaintiff's cause of action for the unpaid balance of the purchase price of the goods sold to defendants, did not present any legal connection with the money which plaintiff had collected on the note, and that therefore his failure to plead it as a counterclaim in answer to the complaint of defendants, did not constitute a bar to his suit.

*Appeal from District Court, Silver Bow County; John B. Mc-Clernan, Judge.*

SUIT by Louis Kaufman against C. W. Cooper and another to restrain enforcement of a judgment. From an order granting an injunction *pendente lite,* defendants appeal. Reversed and remanded.

*Messrs. Breen & Hogevoll,* and *Messrs. Maury & Templeman,* for Appellants.

The power of courts of equity to enjoin the enforcement of judgments, being liable to abuse and the abuse of it being extremely mischievous, its exercise will be closely and carefully scrutinized and confined to clear cases and well-recognized grounds of equitable interference. (*Kersey* v. *Rash*, 3 Del. Ch. 321; *Johnson* v. *Templeton*, 60 Tex. 238.) Before a party is entitled to equitable relief against the enforcement of a judgment, he must have exhausted his resources at law. (23 Cyc. 981, and cases cited.) Furthermore, when the bill states simply a ground for legal relief and contains no equity, the judgment will not be enjoined though the judgment creditor be a nonresident of the state and personal service cannot be had on him. (*Walker* v. *Thomas*, 88 Ky. 486, 11 S. W. 434; *Smith* v. *Washington etc. Co.*, 31 Md. 12, 100 Am. Dec. 49; *Beall* v. *Brown*, 7 Md. 393.) In allowing the injunction against the enforcement of the judgment, the court erred. (*Levy* v. *Steinbach*, 43 Md. 212.)

If plaintiff commences an action, seeking one kind of a remedy with full knowledge of the facts, he is presumed conclusively to have elected his remedy and cannot retract by withdrawing his suit. (2 Herman on Estoppel, 1172.) The doctrine is applicable, not only to the election made in the course of litigation, but in the course of dealings between parties *in pais*. (See *Crossman* v. *Universal Rubber Co.*, 127 N. Y. 34, 27 N. E. 400, 13 L. R. A. 91, note; *Kinney* v. *Kiernan*, 49 N. Y. 164; *Syme* v. *Badger*, 92 N. C. 706; *Mendenhall* v. *Mendenhall*, 8 Jones, 287; *Jones* v. *Gerock*, 6 Jones Eq. 190; *Yorkly* v. *Stinson*, 97 N. C. 236, 240, 1 S. E. 452; 1 Bigelow on Fraud, 436.) All actions which proceed upon the theory that the title to the property in controversy remains in plaintiff, are naturally inconsistent with those which proceed upon the theory that title has passed to defendant. (*Brown* v. *Littlefield*, 1 Wend. 404, 7 Wend. 454, 11 Wend. 467; *McElroy* v. *Mancius*, 13 Johns. 121; *Sanger* v. *Wood*, 3 Johns. Ch. 416; *Junkins* v. *Simpson*, 14 Me. 364; *Butler* v. *Miller*, 1 N. Y. 496; see, also, *Thomas* v.

*Sugarman,* 157 Fed. 669, 85 C. C. A. 337, 15 L. R. A., n. s., 1267.),

Mr. *John J. McHatton,* for Respondent.

The right of the respondent to have his claim determined in judgment and have the same set off against the judgment of the defendants is well sustained. (*Wells-Fargo Co.* v. *Clarkson,* 5 Mont. 336, 5 Pac. 894; *Jump* v. *Leon,* 192 Mass. 511, 116 Am. St. Rep. 265, 78 N. E. 532; *Haskins* v. *Jordan,* 123 Cal. 157, 55 Pac. 786; *Coonan* v. *Lowenthal,* 147 Cal. 218, 109 Am. St. Rep. 128, 81 Pac. 527; *McManus* v. *Cash & Luckel* (Tex.), 108 S. W. 800; *Wells* v. *Clarkson,* 2 Mont. 230.) And that the appellant was entitled to the injunction is also sustained. (*Potter* v. *Lohse,* 31 Mont. 91, 77 Pac. 419.)

The cause of action set forth by plaintiffs in the action on the note was in the nature of an action for conversion, and therefore the plaintiff was not required to set forth a counter-claim. (*Gunnerson* v. *Erickson,* 69 Ill. App. 159; *Goldberger* v. *Leibowitz,* 42 Colo. 99, 93 Pac. 1108.) Nor was the claim in anywise connected with the subject of that action. A counter-claim in contract cannot be pleaded against a cause of action in tort. (*Davis* v. *Frederick,* 6 Mont. 300, 12 Pac. 664; *Collier* v. *Ervin,* 3 Mont. 142; *Babcock* v. *Maxwell,* 21 Mont. 507, 54 Pac. 943; *Stadler* v. *Bank,* 22 Mont. 190, 74 Am. St. Rep. 582, 56 Pac. 111; *Ayotte* v. *Nadeau,* 32 Mont. 498, 81 Pac. 145.) A counterclaim may or may not be pleaded, as the defendant shall elect; and, unless it is pleaded, the right to sue upon it as an independent cause of action, or to rely upon it as a defense to another action brought by the same plaintiff, is in no wise affected or injured by a judgment for or against the defendant. (*Jones* v. *Witousek,* 114 Iowa, 14, 86 N. W. 59.) A party does not lose his action for a demand which he might have pleaded as a setoff, but neglected to do so. (*Hobbs* v. *Duff,* 23 Cal. 596-630.)

The insolvency of one of the parties is sufficient ground for the court to exercise its equitable jurisdiction in allowing an

equitable setoff. (*Quick* v. *Lemon,* 105 Ill. 587; *Gay* v. *Gay,* 10 Paige, 369; *McDonald* v. *Mackenzie,* 24 Or. 573, 14 Pac. 866; *Jarret* v. *Goodnow,* 39 W. Va. 602, 20 S. E. 575, 32 L. R. A. 321; *Russell* v. *Conway,* 11 Cal. 93; *Hobbs* v. *Duff,* 23 Cal. 596; *Howard* v. *Shores,* 20 Cal. 277; *O'Neill* v. *Perryman,* 102 Ala. 522, 14 South. 898.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In 1904 this plaintiff, Louis Kaufman, commenced an action in claim and delivery against Cooper and Archibald, defendants, to recover the possession of certain goods, wares and merchandise and a certain promissory note, all of the alleged value of $2,500. The defendants answered denying title or right of possession in plaintiff, and claiming title and right of possession in themselves, but admitting that they owed the plaintiff $2,500 as a part of the purchase price of the property. A supplemental answer was filed, setting forth that the plaintiff had taken the goods, excepting the note, under an order to the sheriff, and had disposed of them, so that a return could not be had. This allegation in the supplemental answer was not denied. Upon the trial the jury found that the defendants were the owners and entitled to the possession of the goods, and that plaintiff had disposed of them so that return could not be had. The verdict then proceeds: "We find that on the date the said property was taken, to-wit, June 13, 1904, the interest of James Archibald and C. W. Cooper, defendants, in the said property taken by Louis Kaufman, was of the value of $5,000." A judgment was entered upon the verdict, and from that judgment and an order denying him a new trial Kaufman appealed to this court, where the appeal from the judgment was dismissed and the order was affirmed. (*Kaufman* v. *Cooper et al.,* 38 Mont. 6, 98 Pac. 504.) The judgment, with interest and costs, amounted to $7,031.70, not including the costs of appeal. When the *remittitur* from this court was filed with the clerk of the district court, Kaufman commenced this suit to enjoin the en-

forcement of the judgment. The complaint alleges, briefly, the proceedings had in the first case, then alleges that defendants are indebted to plaintiff in the sum of $3,882.78 and interest, amounting in the aggregate to $5,807.65, that the defendants are insolvent, and then contains this allegation: ''That the plaintiff is willing and ready and hereby offers to pay the balance of said judgment in favor of the defendants and against him, amounting to the sum of $1,224.15, and the costs of appeal in said action.'' The prayer is for an injunction to stay the enforcement of the judgment obtained by defendants in the first action, until the final determination of this suit, and that any judgment obtained by the plaintiff in this suit may be offset against the judgment obtained by the defendants in the first action. The defendants answered, and, after admitting the proceedings had in the first action and denying most of the material allegations of the complaint, alleged that their admission in the first action of an indebtedness of $2,500 was erroneous and ought to have been an admission of only $2,100. Other matters are alleged which need not be noticed at length at this time. A hearing was had upon the application for an injunction, and at its conclusion an injunction *pendente lite* was issued which restrains the defendants from attempting to enforce their judgment pending the determination of this suit. One paragraph of the injunction order reads as follows: ''It is further ordered that this injunction shall not prevent the defendants from receiving the difference in amount between their said judgment, and the amount and costs sued upon in this action, provided that said defendants shall consent to the plaintiff obtaining a judgment against them for the amount sued for herein, and having the same credited or offset upon the judgment which the defendants hold against the plaintiff.'' From the order granting the injunction, the defendants have appealed.

Upon the hearing of the application for an injunction, Kaufman, the plaintiff, was called as a witness, and it was sought by the defendants to show that he is insolvent. Upon objection by his counsel, this inquiry was not permitted to be made.

Kaufman is now in a court of equity seeking equitable relief, and the most elementary principle of equity requires that he should not merely offer to do equity, but that he should do equity. In his complaint he concedes that he owes Cooper and Archibald $1,224.15 over and above any claim which he has against them; but, instead of tendering that amount into court for them, he merely alleges that he is ready and willing to pay it; and when it was sought to show that his offer was not made in good faith—that is, that he was in fact unable financially to make his offer good—the defendants were not permitted to make the showing. The injunction order itself is unconscionable, in that it restrains the defendants from collecting the $1,224.15 admitted to be due them, unless they will waive any defense that they may have to the plaintiff's claim for $5,807.65, or any portion of it. For failing to make a tender of the amount admittedly due the defendants, the complaint fails to state facts entitling the plaintiff to an injunction; and the evidence likewise fails to show a case for equitable interference to any extent, much less to such an extraordinary extent as was granted. The evidence as to Cooper and Archibald's insolvency is altogether too meager to make out even a *prima facie* case.

It is also suggested that the enforcement of the judgment ought not to have been restrained, because it appears from the answer in the suit that certain attorneys have a lien upon the judgment. We need not consider this further than to suggest that any claim of a lien would have to be asserted by the attorneys themselves and cannot be urged for them by the defendants in this suit.

But in addition to reversing the order granting an injunction, we are asked to determine this suit upon the merits and to conclude the litigation. To that end counsel for the appellants submitted certain propositions:

1. It is said that, in bringing his action in claim and delivery, Kaufman elected his remedy and will not thereafter be permitted to pursue another and inconsistent remedy. It is a general rule that, whenever the law furnishes to a party two or

more methods of redress in a given case, based upon inconsistent theories, the party is put to his election, and when, with full knowledge of the facts, he makes his selection of the remedy he desires to pursue, such action is irrevocable and is a bar to his right to resort to any other remedy based upon a remedial right inconsistent with the right first asserted; but there is another rule of law equally well established, which is that if a person prosecutes an action based upon a remedial right which he erroneously supposed he had, but which in fact he did not have, and he is defeated because of his error, he will not be held to have made an election of remedies, and will not be precluded from asserting one which he has, even though it be inconsistent with that which he supposed he had but did not have. These rules are recognized by the authorities generally. (15 Cyc. 252, 262; 7 Ency. of Pl. & Pr. 361, 366.) A review of the history of the first case convinces us that in that instance Kaufman merely made a mistake as to the remedy available to him, and it ought not to be said that by making such mistake the admitted indebtedness of Cooper and Archibald to him was thereby satisfied. The law does not recognize that method of discharging one's liabilities.

2. But it is contended that Kaufman ought not to be heard in this suit to assert that Cooper and Archibald are indebted to him, for the reason that any indebtedness of theirs to him was considered by the jury in the first case and was deducted from the actual value of the goods in arriving at the value of the Cooper and Archibald interest in the goods; and some color is lent to this view by an instruction of the court and the form of the verdict returned. The court instructed the jury that, if they found the issues in favor of Cooper and Archibald, they should ascertain and include in their verdict the value of their interest in such goods. In the verdict the jury returned that they found for the defendants, and found that the value of their interest in the property at the time it was taken by Kaufman was $5,000. While these matters lend some support to appellants' contention, they do not convince

us of the correctness of it. In the first place, Kaufman was not asserting in that case that Cooper and Archibald were indebted to him; on the contrary, he was contending that the goods belonged to him, and there was therefore no opportunity to litigate the question of indebtedness or the amount of it, if in fact it existed. But, furthermore, the jury having found that the transaction between Kaufman, on the one hand, and Cooper and Archibald, on the other, amounted to a sale of the property by the former to the latter, and that the title thereby actually passed could not bind Kaufman as to the amount due him upon the purchase price, by the bare admission made by Cooper and Archibald in their answer. If, in fact, the unpaid balance is $3,882.78, as Kaufman claims, then he ought not to be compelled to accept $2,500 merely because that amount was admitted to be due him.

3. In the action in claim and delivery brought by Kaufman, the complaint mentions a certain promissory note for $455, executed and delivered by Feldman & Co. There is not any specific reference to it in the answer of Cooper and Archibald, but in their supplemental answer they say that the sheriff has delivered all the goods to Kaufman, except the Feldman note, and in the verdict of the jury this note seems to have been excluded from consideration. After the first action had gone to judgment, Cooper and Archibald brought an action against Kaufman to recover $455, received by Kaufman from Feldman to the use of Cooper and Archibald. In this complaint they allege that Kaufman had collected from Feldman the amount of the note ($455), which amount in equity and good conscience he ought to pay over to them. In his answer in that action Kaufman admitted that he had received the $455 from Feldman, but denied the other material allegation of the complaint. It is now insisted that, by failing to set forth, as a counterclaim in that action, the amount he claims in the present suit, Kaufman waived his right to insist that Cooper and Archibald are indebted to him now.

Section 6540, Revised Codes, provides, among other things, that an answer may contain a statement of any new matter constituting a counterclaim. Section 6541 defines the "counterclaim" mentioned above, and in the first subdivision thereof provides that it is "a cause of action arising out of the contract or transaction, set forth in the complaint, as the foundation of the plaintiff's claim, or connected with the subject of the action." Section 6547 provides: "If the defendant omit to set up a counterclaim in the cases mentioned in the first subdivision of section 6541, neither he nor his assignee can afterward maintain an action against the plaintiff therefor." It is upon these provisions that appellants now rely to support their contention. It is to be observed that it is only such a counterclaim as is mentioned in subdivision 1 of section 6541, above, that a party must assert in a pending action, or be forever barred from thereafter maintaining an action therefor. In our opinion the meaning of these provisions is that it must appear affirmatively from the pleadings that the cause of action asserted is one which falls within the class mentioned in that subdivision. Can it be said, then, that it appears affirmatively that Kaufman's claim for the unpaid balance of the purchase price of the goods which he sold to Cooper and Archibald arose out of the transaction set forth in Cooper and Archibald's complaint against him for the $455 collected from Feldman, or that it was connected with the subject of their action? The only transaction mentioned by Cooper and Archibald in their complaint in the action against Kaufman to secure the $455 was Kaufman's collection of the Feldman note, and his retention of the money; and Kaufman's present claim for the unpaid balance of the purchase price of the goods sold by him to Cooper and Archibald cannot in any sense be said to arise out of that transaction.

Can it be said that Kaufman's cause of action is connected with the subject of the Cooper and Archibald action against him to recover the $455? From the record before us we cannot say what was the consideration for the Feldman note, or just what relation that note bears to the other transactions mentioned.

The phrase "connected with the subject of the action" is found in the Codes of many of the states in the same connection in which it is employed in our own, and some diversity of opinion has arisen as to the scope of its meaning; but, in every instance where a question of this character has arisen, the court has been compelled to accept the guidance of certain general rules and apply them, as best they can be applied, to the facts of the particular case: (a) There must be some legal relationship between the ground of recovery mentioned in the counterclaim, and the subject of plaintiff's action as disclosed in his complaint. (*Harris* v. *Randolph County Bank,* 157 Ind. 120, 60 N. E. 1025; 25 Am. & Eng. Ency. of Law, 596.) (b) But if the causes of action exist independently of each other, the one need not be asserted as a counterclaim in the action upon the other. (25 Am. & Eng. Ency. of Law, 597.) In *Davis* v. *Frederick,* 6 Mont. 300, 12 Pac. 664, this court had before it an action by plaintiff to recover damages for the wrongful collection of certain moneys by the defendant. The action was in tort. The defendant sought to interpose a counterclaim. The statute then in force used the phrase "connected with the subject of the action" in the same sense as it is employed in subdivision 1 above. This court held that the subject of plaintiff's action was the money seized by the defendant, and this we think is correct. (Bliss on Code Pleading, 3d ed., sec. 126.) The subject of the Cooper and Archibald action to recover from Kaufman was the money ($455) which Kaufman had collected from Feldman. It cannot be said that Kaufman's cause of action for the unpaid balance of the purchase price of the goods sold by him to Cooper and Archibald presents any legal connection with the money which he collected from Feldman upon the note the consideration for which is not made to appear by this record. There is not any such connection as is contemplated by subdivision 1 above, but, on the contrary, Cooper and Archibald's cause of action for the $455, and Kaufman's cause of action for the $3,882, appear to exist independently of each other. It may be that Kaufman could have interposed his claim as a counterclaim,

under subdivision 2 of section 6541 above; but even if so, a failure to interpose it under that subdivision does not preclude him from afterward asserting his claim in an independent action.

For the reasons hereinbefore given, the order of the district court granting an injunction *pendente lite* is reversed, and the cause is remanded for further proceedings.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Mr. Justice Smith concur.

Rehearing denied June 21, 1909.