SMITH, APPELLANT, *v.* CHRISTE ET AL., RESPONDENTS.

(No. 4,442.)

(Submitted September 16, 1921. Decided October 3, 1921.)

[201 Pac. 1011.]

*Real Property—Contracts — Rescission — Waiver — Election of Remedies.*

Land Contracts—Fraud—Rescission—Election of Remedies.
1.  Where a contract for the purchase of land was procured through false representations whereby the vendee has been deceived and defrauded, he has an election of remedies: he may stand upon the contract and sue for damages, or rescind the contract, but cannot pursue both.

Same—Duty of Party Desiring to Rescind.
2.  Under section 5065, Revised Codes, one desiring to rescind a contract must act promptly upon discovery of the facts which entitle him to rescind and he is aware of his right to rescind, and restore or offer to restore, to the other party everything of value which he has received from him under the contract.

Same—Rescission—Waiver.
3.  Plaintiff brought action to rescind a land contract on the ground of fraud, and recover damages resulting from defendant's breach. He alleged that defendant had fraudulently represented to him, in the late fall when the contract was made, that the land was free from fan weed, and testified that in the spring he discovered that the land was overrun with the weed. Four months thereafter he served notice upon defendant that he desired to rescind and tendered back a deed to the premises, but continued to occupy them until the date of the trial, about a year from the date when he first became aware of the alleged fraud, and harvested and sold a crop of wheat therefrom. *Held*, that plaintiff, by his conduct in retaining possession of the land, exercising acts of ownership of it, and retaining the benefits therefrom, waived his right to rescind.

———

2.  How, and within what time, right of rescission must be exercised, see note in 50 Am. Dec. 672.

Limitations on right to rescind a fraudulent contract, see note in 1 Ann. Cas. 910.

*Appeal from District Court, Fergus County; Jack Briscoe, Judge.*

ACTION by Anthony J. Smith against Emil J. Christe and another. From a judgment for defendants, plaintiff appeals. Affirmed.

*Messrs. Marshall & Dousman* and *Mr. C. W. Buntin,* for Appellant, submitted a brief and one in reply to that of Respondents; *Mr. Charles J. Dousman* and *Mr. Buntin* argued the cause orally.

*Messrs. Belden & De Kalb,* for Respondents, submitted an original and a supplemental brief; *Mr. H. L. De Kalb* argued the cause orally.

MR. JUSTICE REYNOLDS delivered the opinion of the court.

Action was commenced for rescission of a certain land contract and consummated sale in fulfillment of the contract from defendant Christe to plaintiff. At the close of plaintiff's case, motion for judgment was made by defendants, which motion was granted. Judgment was thereupon entered in favor of defendants. Plaintiff has appealed from the judgment.

It appears from the proof that on or about the 19th of October, 1917, plaintiff entered into a certain written contract with defendant Christe to purchase certain land situate in Fergus county, Montana, consisting of approximately 480 acres, payment therefor to be made serially, and upon completion of payments he was to receive a deed. On or about the 22d of March, 1918, a portion of the purchase price having been paid, a deed was given by defendant Christe to plaintiff and his wife covering the premises, and thereupon a note and mortgage were given by plaintiff and wife to defendant Bank of Fergus County to cover the balance of the purchase price. While the mortgage was taken in the name of the bank, it

[1, 2]   appears that defendant Christe was and is the owner of the same. Prior to the execution of the contract defendant Christe represented to plaintiff that the land in question was free of fan weed with the exception of a few acres which he described. Plaintiff insists that he relied upon such representations; that they were false, and that he has been misled to his prejudice. Upon execution of the deed to the premises to plaintiff, he moved upon the land and made it his home. On or about the 5th of April he first discovered that the land was overrun with fan weed and thereupon formed the intention of tendering back to defendant Christe a deed to the premises and demanding a return of the payments which he had made, with interest thereon, and the cancellation of the note and mortgage. At that time he was aware of his rights in the matter. On or about the fifth day of July he served upon defendant Christe a written notice in which he made the tender above mentioned, and demanded the return of his money, the interest thereon, the cancellation of the note and mortgage, together with damages resulting from defendant's breach of the contract. Although, as plaintiff testified, he knew on or about the fifth day of April, 1918, that the land was infested with fan weed, yet he continued to occupy the premises from that time until the trial of this action, which was held in March, 1919, and during that time made improvements upon the premises, employed labor upon the land, and harvested and sold off the ranch a crop of over 800 bushels of wheat. The question is whether or not, under these circumstances, plaintiff is entitled to rely upon his attempted rescission of the sale and recover back the moneys paid, with interest thereon, and have decreed a cancellation of the note and mortgage given by himself and wife as part payment on the purchase price.

The rule is settled beyond controversy that in case a contract for the purchase of land is procured through false representations whereby the vendee has been deceived and de-

frauded, the latter has an election of remedies. He may stand
upon the contract and bring an action for damages or he may
rescind the contract, returning all of value he has received,
and receive whatever of value with which he may have parted.
He may elect to pursue either course, but he cannot pursue
both of them. In case he desires rescission of the contract,
he must act promptly upon discovery of the facts which entitle
him to rescind and he is aware of his right to rescind, and
"he must restore to the other party everything of value which
he has received from him under the contract or must offer to
restore the same upon condition that such party shall do
likewise unless the latter is unable or positively refuses to
do so." (Sec. 5065, Rev. Codes.) If, then, in this particular
case, plaintiff desired to rescind because of the alleged fraud,
it was his duty to tender back to defendant Christe all that
he had received by virtue of the sale and keep his tender
good. He could not stand upon the contract and at the same
time demand its rescission. Such conduct is illogical, incon-
sistent and unfair to the vendor. Among other things that
[3] plaintiff received as a result of the sale was the posses-
sion of the property, and if he desired rescission, it was his
duty to restore possession to defendant Christe, or, at least,
vacate the premises so that Christe could resume possession
at any time. Instead of doing this, however, plaintiff con-
tinued in possession of the premises, exercised dominion over
the same up to and including the trial of this action, covering
a period of approximately one year from the time of discovery
of the alleged fraud, and enjoyed all the fruits of such pos-
session for that period. It is our opinion that such conduct
is inconsistent with any claim of rescission and that even
though plaintiff served upon defendant Christe a notice of
rescission, the sufficiency of which, however, is doubtful, yet
by his conduct in retaining the possession of the ranch, ex-
ercising acts of ownership over it and retaining the benefits
of such possession, rescission was waived. Such a course is

more in the nature of affirmation of the sale than of repudiation of it. (*Ott* v. *Pace*, 43 Mont. 82, 115 Pac. 37.) Under these circumstances the trial court was justified in granting the motion for judgment.

For the reasons hereinbefore stated, the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER and HOLLOWAY concur.

MR. JUSTICE GALEN, being absent, did not hear the argument and takes no part in the foregoing decision.

Rehearing denied November 5, 1921.