FRIEDRICHSEN, APPELLANT, *v.* COBB, RESPONDENT.

(No. 6,382.)

(Submitted January 16, 1929. Decided March 4, 1929.)

[275 Pac. 267.]

240

*Mr. F. E. Ewald,* for Appellant, submitted a brief, and argued the cause orally.

*Messrs. Hurd, Hall & McCabe,* for Respondent, submitted a brief; *Mr. Cleveland Hall* argued the cause orally.

244

[black redaction bars]

MR. JUSTICE MATTHEWS delivered the opinion of the court.

On September 6, 1927, the plaintiff, Matthiew H. Friedrichsen, commenced action against the defendant, Eugene F. Cobb, to recover the sum of $13,628.97, alleged to have been paid under, or paid out because of, a written contract for the purchase by plaintiff from the defendant of certain ranch property in Judith Basin county. A general demurrer to the complaint was sustained, and, plaintiff refusing to plead further, judgment of dismissal was entered in favor of defendant, and from this judgment plaintiff has appealed. The only question presented is whether or not the complaint states facts sufficient to constitute a cause of action.

Briefly summarized, the complaint alleges the following facts: 1. In March, 1918, plaintiff was a postal clerk with no knowledge of farming or farming conditions in Montana; in order to induce him to enter into a contract for the purchase of certain lands, defendant represented to him that he (the defendant) was the owner of certificates from the state for the purchase of the lands, which were of the richest in the state, containing only sufficient gravel to be advantageous, and would raise from 40 to 50 bushels of the best wheat to the acre, and the climatic conditions in the section were favorable and the rainfall abundant to insure crops. Plaintiff relied upon these representations, and purchased the lands under contract calling for a down payment of $1,000 and

the payment of $3,000 on May 15, 1918, the payment to the state of defendant's remaining deferred payments, amounting to $3,723, and payment of the balance of the purchase price, or $20,160, from the crops raised during an indefinite period of years. While the contract was silent as to when the certificates and the assignment thereof were to be placed in escrow, the agreement was that this should be done when the payment was made on May 15, 1918. That plaintiff entered into possession of the premises on March 23, 1918, under the contract, and continued in possession until November 2, 1925. That all of the representations made were false, and the certificates were not placed in escrow until June 15, 1924. That plaintiff rescinded and terminated the contract on the date last mentioned, and that defendant foreclosed the contract and caused a judgment of foreclosure to be entered on November 2, 1925. That the allegations of the complaint and the testimony adduced on the foreclosure proceedings were false. It is then alleged that ''plaintiff gives for his reason for not having sought to obtain his rights with respect to said transactions that he went broke in farming said lands, and that he has since been financially unable to defend said foreclosure suit or sooner seek to obtain redress by a separate action.''

It will be seen that this complaint intermingles allegations which form the basis of an action for the rescission of the contract and one for breach thereof; it then shows laches on the part of the plaintiff and the adjudication of the rights of the parties under the contract and seeks to evade these bars to maintaining the action by alleging that plaintiff was financially unable to protect his rights and that defendant committed perjury in obtaining the judgment of foreclosure of the contract. Nevertheless, on general demurrer, the allegations of the complaint must be taken as true; all facts reasonably to be inferred from, or implied in, those alleged, must be treated as actually alleged (*Ray* v. *Divers*, 72 Mont. 513, 234 Pac. 246; *Grover* v. *Hines*, 66 Mont. 230, 213 Pac.

250; *Connelly Co.* v. *Schlueter Bros.*, 69 Mont. 65, 220 Pac. 103); and, if the complaint states facts sufficient to constitute a cause of action on any theory, it is good as against a general demurrer (*Awbery* v. *Schmidt*, 65 Mont. 265, 211 Pac. 346; *Anderson* v. *Border*, 75 Mont. 516, 244 Pac. 494; *Calvert* v. *Anderson*, 73 Mont. 551, 236 Pac. 847).

Does this complaint, then, state facts sufficient to entitle plaintiff to any relief? One in the situation in which plaintiff alleges he found himself prior to June 15, 1924, has an election of remedies. "He may stand upon the contract and bring an action for damages or he may rescind the contract, returning all of value he has received, and receive whatever of value with which he has parted. He may elect to pursue either course, but he cannot pursue both of them. In case he desires a rescission of the contract, he must act promptly upon the discovery of the facts which entitle him to rescind and he is aware of his right to rescind." If he does not restore what he has received he must offer to do so upon condition that the other party does likewise. (Section 7567, Rev. Codes 1921; *Smith* v. *Christe*, 60 Mont. 604, 201 Pac. 1011; *Como Orchard Land Co.* v. *Markham*, 54 Mont. 438, 171 Pac. 274.)

As plaintiff alleges that he farmed the land year after year from 1918 on, he must have discovered the facts with relation to the condition of the soil, the climate, and amount of rainfall, and wheat the land would produce long prior to his tendered rescission in June, 1924, and he does not bring himself within the provision that one must "act promptly" (sec. 7567) and the decisions thereunder (*Ott* v. *Pace*, 43 Mont. 82, 115 Pac. 37; *Edwards* v. *Muri*, 73 Mont. 339, 237 Pac. 209), and, even had the tender been timely, the act was of no avail, as plaintiff did not keep the tender good by removal from the premises (*Fontaine* v. *Lyng*, 61 Mont. 590, 202 Pac. 1112; *Smith* v. *Christe*, above). The complaint does not, therefore, state a cause of action for rescission on the ground of misrepresentations.

2. It is urged that the defendant breached the contract by ▮ failure to deposit the certificates and assignment thereof in escrow in 1918, as agreed and that time was of the essence of the contract. Plaintiff, however, waived strict compliance with the terms of the contract or agreement by remaining in possession after the breach and merely insisting, from time to time, that the vendor place the instruments in escrow, up to June 15, 1924, when he tendered his rescission of the contract. Had plaintiff then abandoned the premises and repudiated the contract and thus kept his rescission good, it might be said that, on the ground now considered, the complaint states a cause of action (*Hogsed* v. *Gillett*, 60 Mont. 467, 199 Pac. 907), if no effect is given to the allegation that the contract was thereafter foreclosed by the defendant; but the complaint discloses on its face that he did not do so, and, under the authorities cited above, he waived his right to rescission on this ground as well as on those grounds heretofore considered.

Whether time is or is not of the essence of a contract is ▮ material only where the defaulting party has, after the expiration of the time limit, made a tender which was refused by the other party. (*Cook-Reynolds Co.* v. *Chipman*, 47 Mont. 289, 133 Pac. 694.)

In this complaint it is alleged that, on June 15, 1924, the defendant finally placed the instruments in escrow, and, as plaintiff waived the right to rescind, his continuing in possession would constitute an acceptance rather than a rejection of defendant's performance of the alleged agreement. It is clear from the allegations of the complaint that the time for performance of the contract, by conveyance of the certificate, had not arrived on June 15, 1924, when the plaintiff made his tender of rescission, nor yet at the time of trial. Under the ▮ circumstances shown, defendant was not required to have title to the certificates at any time prior to the time when he was, under the contract, required to convey title thereto (*Wilson* v. *Corcoran*, 73 Mont. 529, 237 Pac. 521; *Hollensteiner* v. *Anderson*, 78 Mont. 122, 252 Pac. 796), and, as he placed the

certificates and assignment thereof in escrow prior to the time limit and before this plaintiff effected a rescission of the contract for his delinquency, the complaint does not state a cause of action on the ground now considered.

3. Counsel for plaintiff asserts that, as in drafting the complaint he used the word "terminated" in connection with "rescinded and canceled" in alleging rescission on June 15, 1924, the complaint should not be considered as alleging mere cancellation, but should be taken as alleging an abandonment of the contract, and that, therefore, the rules above announced should not be applied; he relies upon expressions contained in the decision in *Cook-Reynolds Co.* v. *Chipman,* above, wherein it is held that there may be an abandonment of a contract without rescission and recovery of compensation on breach of the contract, on the "acceptance of the situation which the wrongdoing of the other party has brought about."

In that case it is held that, on declaring a forfeiture of a contract for sale of lands, thus terminating the contract, the party against whom forfeiture is declared may be relieved from the forfeiture under the provisions of section 8658, Revised Codes of 1921, on showing that he is equitably entitled to such relief, if his breach of duty was not grossly negligent, wilful, or fraudulent. Therein it was shown that the property could be returned in undiminished value, and the value of its use was readily ascertainable, and the applicant for relief was willing that the vendor should have full compensation for the use of the property and all damages sustained, and it further appeared that the vendee kept possession and attempted to fulfill the contract only at the solicitation of the vendor and on waiver of strict compliance with the terms of the contract. Here there is no allegation of offer to do equity even in the payment of rent for the seven years plaintiff had possession of the property, or that the property could be returned in undiminished value. Plaintiff seeks to recover the whole amount he paid, including taxes paid on the ranch while in his possession. In order to invoke the protection of section

8658 above, a party must set forth facts that will appeal to the conscience of a court of equity. (*Fratt* v. *Daniels-Jones Co.*, 47 Mont. 487, 133 Pac. 700; *Donlan* v. *Arnold*, 48 Mont. 416, 138 Pac. 775; *Suburban Homes Co.* v. *North*, 50 Mont. 108, Ann. Cas. 1917C, 81, 145 Pac. 2.)

The complaint herein does not state facts sufficient to entitle plaintiff to equitable relief from forfeiture.

4. The sole question remaining is as to whether or not the complaint states a cause of action for damages on the theory that plaintiff elects to stand upon the contract and sue for the loss occasioned by defendant's breach thereof.

Under this theory it might be held that facts sufficient to constitute an action at law are stated, were it not for the fact that plaintiff himself sets up the "foreclosure of the contract," resulting in judgment in favor of the defendant here. The ▮ rule is too well established to need citation of authority that a judgment cannot be attacked collaterally, and the allegation that the complaint and testimony on which the judgment is based are false is unavailing for any purpose. Nor does the allegation that plaintiff "had gone broke farming" the land furnish any legal excuse for not having defended in the foreclosure proceeding.

The judgment by which the contract was "foreclosed" is final and conclusive here, unless plaintiff's right to damages is not barred thereby.

We must presume that this plaintiff was duly served with process in the foreclosure proceeding and had the opportunity to answer therein. In fact, in the brief filed by his counsel, it is stated that he appeared and demurred to the complaint.

Section 9137, Revised Codes of 1921, declares that an answer must contain (1) denials, etc.; (2) "a statement of any new matter constituting a defense or counterclaim." Section 9138 defines a counterclaim as (1) a cause of action arising out of the contract or transaction set forth in the complaint as a foundation of plaintiff's claim, or connected with the subject matter of the action, and declares that a counter-

claim "must tend, in some way, to diminish or defeat plaintiff's recovery." The purpose of the statute permitting the filing of a counterclaim is to enable and require the parties to adjust in one action their various differences growing out of any given transaction (*Mulcahy* v. *Duggan*, 67 Mont. 9, 214 Pac. 1106), and to prevent a multiplicity of suits (*Scott* v. *Waggoner*, 48 Mont. 536, L. R. A. 1916C, 491, 139 Pac. 454; *Kinsman* v. *Stanhope*, 50 Mont. 41, L. R. A. 1916C, 443, 144 Pac. 1083), and therefore, if the defendant omits to set up a counterclaim in the case mentioned in the first subdivision of section 9138 above, he cannot thereafter maintain an action therefor against the plaintiff in the action (sec. 9144, Rev. Codes 1921).

In the foreclosure proceeding, the foundation of the plaintiff's cause of action was the contract which this plaintiff now alleges was breached by his adversary, and there is no question but that the cause of action which it is here attempted to maintain is one "arising out of the contract or transaction set forth in the complaint" in that proceeding. The question, then, is as to whether or not, had this alleged cause of action been set up as a counterclaim to the claim of plaintiff in that proceeding, it would have tended to diminish or defeat a recovery therein.

It has been suggested that a counterclaim will not lie where the plaintiff is entitled to the relief sought in any event, although the defendant in the action may have a good cause of action for a money judgment against the plaintiff, since such a situation would call for the entry of two separate judgments in the action, whereas the law contemplates but one judgment disposing of the issues. On this theory it has been held, and properly held, that a counterclaim for money is not available in an action (1) for forcible entry (*Spellman* v. *Rhode*, 33 Mont. 21, 81 Pac. 395); (2) on claim and delivery (*Osmers* v. *Furey*, 32 Mont. 581, 81 Pac. 345); or (3) in an injunction proceeding (*Cook-Reynolds Co.* v. *Wilson*, 67 Mont. 147, 214 Pac. 1104)—as in each of such cases the plaintiff but seeks

the possession of his property, and a claim for money does not tend in any way to defeat or diminish his recovery.

It may be that, under the rule above announced, had the plaintiff here answered in the foreclosure proceeding, admitting that the plaintiff there, this defendant, was entitled to have his title to the lands quieted and to their possession and then attempted to interpose a counterclaim for the money paid under the contract, his counterclaim would have been stricken, but even in such a case it is clearly intimated in *Suburban Homes Co.* v. *North,* above, on which plaintiff relies as holding that such a judgment as was entered in the foreclosure proceeding but cancels the contract and "leaves the question as to whether the defendant is entitled to recover his payments or any part of them, wholly unadjudicated," that the defendant should set up his claim against the plaintiff in the original action. The quoted phrase is used in that decision only in stating the purpose of the complaint in the action to quiet title. Turning then to the answer interposed, the court held that "the answer does not allege facts to justify, nor does the prayer demand, affirmative relief," and then said: "In order to avoid the consequences of his default, we can see no reason why the defendant should not be required to bring himself within the equity of the statute as interpreted in *Cook-Reynolds Co.* v. *Chipman; Fratt* v. *Daniels-Jones Co.,* and other cases cited above."

But whether or not a judgment canceling a contract or "foreclosing" it would leave the question of right to recover payments "wholly unadjudicated" is not now before us. It must be remembered that we are but determining the sufficiency of the complaint in the instant case, and have already held that it does not state facts sufficient to entitle plaintiff to equitable relief by the return of his payments, or any part thereof, and are now considering the complaint from the standpoint of an action at law for damages resulting from the fact that the lands purchased were not as valuable as they were represented to be, and the purchaser, electing to stand

upon the contract and retain the property, seeks to recover the difference between the purchase price and the actual value of his lands.

As the contract was already wiped out, plaintiff was in no position to stand upon it; but at the time the action to foreclose it was instituted he was in position to assert his claim, and, had he set up the counterclaim in that action which he now sets up as a cause of action, it would have been sufficient to have completely defeated the claim of the plaintiff under the contract, and, on proof thereof, would have resulted, not in two judgments,. but in a single judgment in favor of the defendant, this plaintiff, to the effect that he was entitled to retain the property under the contract and recover such damages as his evidence warranted. Such a judgment is warranted under section 9140, Revised Codes 1921.

The cause of action for damages, therefore, falls squarely within the provisions of the statutes relating to counterclaims, and hence is barred by the judgment of foreclosure under the provisions of section 9144, above.

Counsel for plaintiff cites *Hillman* v. *Luzon Cafe Co.*, 49 Mont. 180, 142 Pac. 641, and *Kauffman* v. *Cooper*, 39 Mont. 146, 101 Pac. 969, as stating a rule contrary to our conclusion, but in each of those decisions it was held that the alleged counterclaim did not come within the first provision of the statute on counterclaims (section 9138, above), and there, if a cause of action existed, it would not have been barred in either case, as section 9144, above, applies only to "the cases mentioned in the first subdivision of section 9138," and nothing said in either decision militates in any manner against our conclusion.

The complaint under consideration does not state a cause of action on any theory, and therefore the demurrer thereto was properly sustained.

The judgment is affirmed.

Mr. Chief Justice Callaway and Associate Justices Galen and Ford concur.

MR. JUSTICE ANGSTMAN, Dissenting: I am not able to concur in the views of my associates. The complaint, in my opinion, states facts sufficient to constitute a cause of action for damages based upon the alleged fraud of the defendant with respect to his ownership of the certificates of purchase agreed to be placed in escrow in May, 1918. (*Bump* v. *Geddes*, 70 Mont. 425, 226 Pac. 512.) In fact, the opinion of the majority so concedes, but holds that it is barred by the judgment in the foreclosure proceedings.

In my opinion, there is not sufficient information before this court concerning the foreclosure action from which this court can determine what the issues in that action were, nor the scope of the decree entered therein. Neither the complaint nor the judgment-roll in that action is before us. It is conceded that, if plaintiff's cause of action herein could not have been pleaded as a counterclaim in the foreclosure action, then the judgment in that case is no bar to the maintenance of this action. In order to determine whether this cause of action could have been pleaded as a counterclaim in the foreclosure action, it is necessary to know the nature of that action.

The only allegation in the complaint from which the nature of that action can be ascertained is that "a judgment of foreclosure of said contract [being the contract referred to in plaintiff's complaint] was caused by defendant to be entered against plaintiff," and "defendant has repossessed himself of said lands under and through said foreclosure proceedings." What, then, was the relief demanded in that action? What were the issues involved therein? And could plaintiff herein have pleaded this cause of action as a counterclaim in the foreclosure action?

From the complaint it appears that this plaintiff was in possession of the property at the time of the foreclosure proceedings and until the time of the entry of judgment therein. It is a fair inference from the allegations of the complaint that the foreclosure action was for the purpose of obtaining possession of the property, and probably for no other purpose,

since, as said in the majority opinion, the contract was already wiped out. If that inference is justified, this situation then confronted this plaintiff as the defendant in the foreclosure action: He could not have retained possession of the land and asserted as a defense that the title was defective, and neither could he, while retaining possession, have filed a cross-complaint for money paid under the contract. (*Hincksman* v. *Delacour*, 47 Cal. App. 416, 190 Pac. 832.) If he conceded to the plaintiff in the foreclosure action the right of possession—and, since he notified the defendant herein that he had canceled the contract, he could not have escaped so doing—then he could not have asserted as a counterclaim the cause of action here pleaded, because there would have been two judgments in the case in the event that he proved his counterclaim. (*Spellman* v. *Rhode*, 33 Mont. 21, 81 Pac. 395.)

In the absence of sufficient allegations to show the nature of the relief sought and decreed in the foreclosure action, it is my opinion that this court should not hold that plaintiff's cause of action herein is barred by the judgment in that action. In my opinion, the general demurrer to the complaint should have been overruled.

Rehearing denied March 15, 1929.