## S. D. POWELL v. R. M. STOWERS.

1. CONTRACTS—DEPENDENT AND INDEPENDENT COVENANTS.—A covenant to pay a
certain sum of money, one-half on a certain day and the balance on a subsequent day,
at which time the covenantee is to execute and deliver a deed, is independent as to the
first payment, and dependent as to the other.

2. MAXIM IN PLEADING.—Every pleading shall be most strongly construed against
him who pleads.

ERROR to the circuit court of Panola county. FISHER, J.

A sufficient statement of the case is given in the
opinion of the court.

The following are the errors assigned:

1. The court erred in sustaining plaintiff's demurrer
to defendant's first plea.

2. The court erred in sustaining plaintiff's demurrer to defendant's second plea.

3. The court erred in giving judgment for plaintiff.

*Miller & Birchett,* for plaintiff in error.

1. The facts stated in the first plea, and admitted by the demurrer, showed that the contract was mutual and dependent; that the note sued on was executed by defendant to plaintiff, for land to which plaintiff had executed a bond for title. It is not shown from the record that there was any other note or installments for the land than the one sued on. The defense therefore set up in the plea, that plaintiff had never offered to perform his part of the contract by tendering a deed, was valid and the demurrer should have been overruled.

2. The second plea shows the inability of Stowers to make title, and, under the circumstances, was clearly a good defense by Powell, as showing a failure of consideration. See 1 S. & M. 523; Feemster v. May, 13 ib. 275; Wiggins v. McGimpsey, ib. 532; Klyce v. Broyles, 37 Miss. 524.

*Walter & Scruggs,* for defendant in error.

Under the rule that pleadings are to be construed strictly against the pleader, both of appellant's special pleas are bad. The first alleges that the instrument sued on was given in " part payment " for land; that the title bond was conditioned to make title when the purchase money was paid, and that the whole purchase money " has been due for some time," and that appellant did not tender a deed before suit. How long had it been due? Was it due when the suit was brought? The plea does not tell us, but it does show that the covenants were independent, and defendant in error was, therefore, not bound to tender a deed before all the purchase money was due. Harbour v. Robinson, 42 Miss. 795. The plea is defective in not stating that all

the money was due when the suit was brought. It was not due, or plaintiff in error would have pleaded that fact on *respondeat ouster*.

The second plea is still worse. It shows a sale on time, and the execution of a bond for title when payment should be made. It alleges no fraud, but states that defendant in error had no title when the sale was made. This will not do. Had plaintiff in error paid, or even tendered payment of his note, it might have enabled defendant in error to procure a title, if he had none. In the absence of fraud, the fact that time is taken to make title, might show that the vendor wanted that time to perfect that title. If he is able to comply according to his covenant, that is sufficient. Gibson v. Newman, 1 How. (Miss.) 341; Harris v. Bolton, 7 ib. 167; Hanna v. Harper, 3 S. & M. 793; Bird v. McLawrin, 4 ib. 56.

If plaintiff in error desired to avail himself of this defense he should have tendered the purchase money and demanded a deed.

PEYTON, C. J.:

R. M. Stowers brought an action of debt in the circuit court of Panola county, against S. D. Powell, on a seated note, commonly called a bill single.

To this action the defendant, at the July term of said court, 1871, pleaded *non-assumpsit* and payment, upon which issues were taken by the plaintiff.

And at the March term, 1872, the defendant pleaded the following additional pleas, to wit: That the instrument of writing sued upon in this case was executed in part consideration of the purchase of a tract of land known as the whole of sec. 3, and N. E. ¼ of sec. 10, T. 9, R. 6 west, in said county of Panola, for which said plaintiff executed and delivered a certain bond to make a good and sufficient deed upon payment of the purchase money; that the whole of the purchase money

agreed to be paid for said land is and has been due for some time past, yet said plaintiff has never offered to perform his part of the contract by executing or offering or tendering to defendant a good and sufficient deed, or any deed at all, to said land.

And for further plea, the said defendant says that the said instrument sued on was executed in part consideration of the purchase of the tract of land in said county of Panola, known as sec. 3 and the N. E. ¼ of sec. 10, T. 9, R. 6 W. That, at the time of said purchase, said plaintiff executed and delivered to defendant his bond, to make defendant a good and valid deed, upon the payment of the purchase money. Defendant avers that, at the time of said trade, said plaintiff had not, nor has he now, any title to said land, so that he is not able to make defendant a good and valid deed or title to said land, and the consideration for which said note was given has failed.

To these two last special pleas, the plaintiff filed a general demurrer, which was sustained by the court, and the defendant declining to plead over to the declaration, the cause was submitted to a jury upon the issues joined upon the two first pleas, who found a verdict for the plaintiff the sum of $1,221.30, upon which judgment was rendered. Hence the cause comes to this court by writ of error on the part of the defendant, who assigns for error the action of the court in sustaining the demurrer of the plaintiff to the two last pleas of the defendant.

It is not averred, in either of said pleas, that the consideration money was due at the time of the institution of the suit. It has been held, that a covenant to pay a certain sum of money, one-half on a certain day, and the other half on a certain subsequent day, at which time the covenantor was to execute and deliver a deed, so far as respects the first payment, the covenant is independent, but as to the other, it is dependent. And,

in an action for the recovery of the last instalment, the tender of the deed must be averred.   And so in a declaration for the whole sum, after both installments have become due.   Biddle v. Corgell, 3 Harrison, 377; Leonard v. Bates, 6 Black, 172; Robinson v. Harbour, ib. 802, 803.

The record in this case shows that it was twelve months after the suit was brought when these additional pleas were filed.   Although it may be true, as stated in the first of said pleas, that the whole of the purchase money has been due for some time past, yet it may have become due since the commencement of the suit, and therefore would not constitute a good bar to the action.

It is a maxim in pleading, that every thing shall be taken most strongly against the party pleading.   That construction shall be adopted which is most favorable to the party pleading; because it is to be presumed that every person states his case as favorably to himself as possible.   1 Chitty Plead. 237.

As these pleas were both defective, it follows that the court did not err in sustaining the demurrer to them.

*The judgment is affirmed.*