WILSON, APPELLANT, *v.* CORCORAN ET AL., RESPONDENTS.

(No. 5,716.)

(Submitted May 22, 1925. Decided June 9, 1925.)

[237 Pac. 521.]

*Real Property — Vendor and Purchaser — Rescission — When Action Does not Lie.*

Vendor and Purchaser—Failure of Title—Rescission—When Action Does not lie.
   1.   The purchaser under an executory land contract is not entitled to rescind on the ground of failure of title in the vendor so long as the latter is not in default.

Same—Defective Title—When not Cause for Rescission.
   2.   One may in good faith lawfully contract to sell land to which he has not perfect or any title, and the fact that his title is imperfect does not authorize the ‘purchaser to rescind the contract; but if at the time he is required to make conveyance the vendor is ready, able and willing to convey the title he contracted to convey, he is not in default.

Same.
   3.   Where by the terms of a land contract the purchaser, was permitted to pay the unpaid purchase price in installments on the twenty-third of any month and tendered the last payment on the fifth with demand for a deed, refusal to convey did not constitute a

---

1.   See 27 R. C. L. 517.
3.   See 27 R. C. L. 650.

breach of the contract by the vendor, the purchaser not having been
entitled then to demand a deed.

Same—Defective Title—Vendor has Reasonable Time to Perfect Title.
4.   Where a purchaser completes payment before the ultimate period
for making payment under the contract has expired, even though per-
mitted to do so under the contract, and the vendor's title is then
imperfect, he has a reasonable time within which to perfect it and
make conveyance.

Vendor and purchaser, 39 **Cyc.**, p. 1328, n. 64; p. 1410, n. 31, 32, 33;
p. 1532, n. 29.

. *Appeal from District Court, Cascade County; H. H. Ewing,
Judge.*

ACTION by E. W. Wilson against John H. Corcoran and
another. Judgment for defendants and plaintiff appeals.
Affirmed.

*Mr. W. P. Costello* and *Mr. J. P. Freeman,* for Appellant,
submitted a brief; *Mr. Costello* argued the cause orally.

*Mr. Loy J. Molumby* and *Mr. John H. Corcoran,* for Re-
spondents, submitted a brief; *Mr. Corcoran* argued the cause
orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

On May 24, 1918, a contract was entered into by the terms
of which plaintiff agreed to purchase from defendants, and
defendants agreed to sell to plaintiff; ten acres of land
in Cascade county for $1,300, payable $50 in cash and the
remainder in installments of $20 or more on the twenty-
third day of every month until the entire purchase price
should be paid. It was agreed that, upon the payment of
the entire purchase price as provided in the contract de-
fendants would convey the property "by good and sufficient
deed," and that plaintiff would pay interest on the deferred
installments at the rate of six per cent per annum, and
would pay the taxes upon the property.

By this action, commenced on May 14, 1923, plaintiff seeks to rescind the contract and recover the money paid, also damages. and the value of improvements placed upon the premises by him. In the complaint, fraud as well as failure of consideration is relied upon, but there was not any substantial evidence of fraud offered by plaintiff, and in the brief his counsel says that the breach relied upon is "failure of title." The only allegations necessary to be considered here, then, are to the effect that, at the time the contract was entered into, the defendants did not have and never since have had a marketable title to the premises, or any title other than one represented by a tax deed, void on the face of the record; that the fact that the title was defective was not discovered by plaintiff until May 5, 1923, and on that day he tendered to defendants the balance due and demanded a deed in accordance with the terms of the contract"; that defendants have failed, neglected and refused to convey said land to the plaintiff or to deliver to him a good title thereto"; that on May 5, 1923, plaintiff rescinded the contract and notified the-defendants, and thereupon offered to surrender possession of the land, and to return everything of value that he had received under the contract. All of these allegations were denied by the answer.

Upon the trial, plaintiff testified that on May 5, 1923, he tendered to defendant J. H. Corcoran the amount then due upon the purchase price of the land. W. P. Costello testified for plaintiff that he examined the title to the land in April, 1923; that he was with the plaintiff when the tender was made on May 5; that he and plaintiff told defendant J. H. Corcoran that they were interested primarily in the title rather than the deed; that later during the same day Corcoran submitted to him an abstract which he (Costello) examined "to see if it checked up with my examination of the title, and found that it did substantially"; that he then told Corcoran "we would not accept the title as evidenced

by the abstract." Costello testified further: "He asked me at that time what this fellow wanted, or what the plaintiff wanted, and I told him he wanted his money back that he had paid on the contract, and wanted to be paid for his improvements there. * * * I told him what the plaintiff wanted, in the event a good title could not be given to this plaintiff, and he answered that he would not do it; that he would not pay him back his money. I think it was at that time he said he would give us a warranty deed, that he would not take the land back, but that he would bring an action to quiet title and fix up the title." The other evidence is not material in the consideration of this appeal.

At the conclusion of plaintiff's case, the court sustained a motion to dismiss the complaint, and rendered and had entered a judgment in favor of the defendants for costs. From that judgment this appeal is prosecuted.

Plaintiff apparently proceeded in the trial court, and proceeds in this court, upon the theory that the contract permitted him to pay the balance due at any time, and, having tendered the proper amount on May 5, 1923, he was entitled then and there to a deed conveying a marketable title, and that the failure of the defendants to furnish such a deed on the very day the tender was made, entitled him to rescind the contract and to maintain this action, even though defendants would have had sixteen months' additional time within which to perfect their title and make the conveyance, if plaintiff had continued payments at the rate of $20 per month, and even though defendants did not have any previous notice that a tender would be made on May 5.

In this state the rescission of contracts is governed by statute. (Secs. 7565 and 8730, Rev. Codes.)

As applicable to the facts before us, it may be said to be [1, 2] axiomatic that, so long as the vendor is not in default, the purchaser is not entitled to rescind (27 R. C. L.

642), hence the inquiry: Were the defendants in default at the time this action was commenced? The mere fact, if it be a fact, that defendants did not have a marketable title to the land at the time the contract was entered into, is not ground for rescission. The courts of this country hold quite uniformly that a person may in good faith lawfully contract to sell land to which he does not have perfect title, or any title, and the fact that his title is imperfect does not authorize the purchaser to rescind the contract. If, at the time he is required to make conveyance, the vendor is ready, able, and willing to convey the title which he contracted to convey, he cannot be said to be in default. (*Bozdech* v. *Montana Ranches Co.*, 67 Mont. 366, 216 Pac. 319; *Townsend* v. *Goodfellow*, 40 Minn. 312, 12 Am. St. Rep. 736, 3 L. R. A. 739, 41 N. W. 1056; *Hanson* v. *Fox*, 155 Cal. 106, 132 Am. St. Rep. 72, 20 L. R. A. (n. s.) 338, 99 Pac. 489.)

By the terms of the contract, the purchaser was permitted [3] to pay the balance due on the purchase price at any installment due date; that is, upon the twenty-third day of any month. It is fairly deducible from the record that plaintiff had paid monthly installments of $20 each, from the time the contract was entered into up to and including April 23, 1923, but there was not any installment due on May 5, 1923, and this action was commenced before the next installment became due. In 39 Cyc. 1410, the general rule is stated as follows: "The American decisions have uniformly held that the vendor cannot be placed in default for defect of title or inability to convey, by tender of performance by the purchaser and demand for performance by the vendor before the expiration of the time fixed by the contract for making a conveyance."

It is apparent from the record that plaintiff was not entitled to demand a deed on May 5, 1923; hence the refusal of defendants to comply with the demand did not constitute a breach of the contract. In passing we observe

[4] that it is a rule of general application that, if the purchaser completes payment before the ultimate period for making payment under the contract has expired, even though the contract permits him to do so, the vendor is entitled to a reasonable time within which to perfect his title and make conveyance. The subject is treated at length in Maupin on Marketable Title to Real Estate, third edition, Chapter 32, and reference to the rule is made in *Hawkins* v. *Rodgers,* 91 Or. 438, 179 Pac. 563, 905; *Green* v. *Ditsch,* 143 Mo. 1, 44 S. W. 799; *Owen* v. *Pomona Land & Water Co.,* 131 Cal. 530, 63 Pac. 850, 64 Pac. 253.

There is not anything in the decision of *Bozdech* v. *Montana Ranches Co.,* above, inconsistent with the views here expressed. In that case the date when conveyance would be required was fixed definitely by the contract, and demand for the deed was not made until the due date. Furthermore, in that case notice of rescission was not given by the purchaser until a month and a half after the deed was demanded, and until after the vendor had tendered a deed which by its terms indicated that it did not intend to try to correct the defects in the title of which complaint was made.

It is not necessary to consider the other questions presented in the briefs of counsel.

We think the trial court was fully justified in holding that the defendants were not in default, and that plaintiff had not established any ground for rescission.

The judgment is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES GALEN, STARK and MATTHEWS concur.

MR. CHIEF JUSTICE CALLAWAY, being absent on account of illness, did not hear the argument and takes no part in the foregoing decision.

Rehearing denied June 24, 1925.