HUSTON, APPELLANT, v. VOLLENWEIDER ET AL., RESPONDENTS.

(No. 7,460.)

(Submitted December 5, 1935. Decided December 30, 1935.)

[53 Pac. (2d) 112.]

158

*Messrs. Pope & Smith,* for Appellant, submitted an original and a reply brief; *Mr. Russell E. Smith* argued the cause orally.

*Mr. Elmer E. Hershey* and *Mr. Howard Toole,* for Respondents, submitted a brief; *Mr. Hershey* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Plaintiff brought this action to secure a judgment quieting her title against the claims of the defendants to a certain tract of real estate in Lake county, Montana, restitution of the premises and for the reasonable rental value of these lands during the period it is asserted they were wrongfully occupied by defendants. Her complaint is the usual short-form complaint for quieting title, alleging ownership and right of possession in the plaintiff, the assertion of an adverse claim by the defendants, and the usual allegation that defendants' claim is without right. In addition it is alleged that the possession of defendants was wrongful at all times subsequent to February 25, 1932, and that the reasonable rental value of the premises was $50 a month.

Defendants answered, admitting the possession of the defendants and denying the other allegations of the complaint. They filed a further answer in which they alleged that plaintiff and defendants entered into a written contract for the sale and purchase of these lands on May 10, 1929, the purchase price payable in installments; that they paid $500 on the purchase price at the time of the execution of the contract, and the further sum of $1,500 on the principal and $225 on the interest on November 9, 1929; and that it was agreed in the contract that plaintiff would pay "all construction charges and water charges of the United

States levied upon the lands up to and including the year 1928.'' It is alleged that plaintiff had failed to pay such charges and that in the year 1931 they were notified by the proper governmental agency that the water for the irrigation of these lands would be shut off unless these charges were paid; that the defendants failed in the season of 1931 to receive sufficient water to irrigate the crops growing on the lands, and were thereby damaged in the sum of $920; that by reason of the failure of the plaintiff to pay the water charges as agreed, a failure of consideration for the contract resulted. Defendants seek to recover the payments made, together with interest and the damages alleged to have been sustained.

Plaintiff replied, admitting the execution of the contract, a copy of which was attached to the answer, and alleged that defendants failed to pay the installment becoming due on November 10, 1931, according to the terms of the contract; that thereafter, on January 23d, pursuant to the terms of the contract, she notified defendants of her election to declare the entire purchase price due under the contract, and upon their failure to make such payment she intended to cancel and terminate the contract. She alleged her willingness and ability to perform the contract and the failure of the defendants to perform. It was further alleged that since the execution of the contract the defendants had been in possession of the premises.

The cause was tried before the court, and although both parties proposed findings, the court found the following facts: The making of the contract and the payments on account of principal and interest as alleged; the failure of the defendants to pay the installment of $500 coming due on November 10, 1931; the failure of the defendants to pay any other sum; the giving of the notice for acceleration of maturity of the indebtedness and to terminate the contract as alleged. The court further found that at the time of the delivery of the notice and also of the filing of the complaint, the plaintiff was in default in the performance of the contract on her part, in that she had failed to pay the construction and water charges. It further found that both parties at no time in good faith had performed, or offered to

perform, the contract, and that neither of the parties was entitled to any relief. A judgment was entered dismissing the action, each party to pay his or her own costs. The appeal is from the judgment.

Exceptions were filed to the findings by both parties. Plaintiff has perfected her appeal, and the defendants have made numerous cross-assignments of error. Plaintiff, by specifications of error, challenges the correctness of the findings, and in particular the finding that plaintiff was in default and not entitled to any relief.

The contract provided for the payment of the purchase price of $8,000 payable in installments, the first two of which were paid in accordance with its provisions. The installment of $500, becoming due on November 10, 1931, was not paid, nor were any of the installments maturing on the 10th day of November of the years commencing with 1932 to 1938, inclusive, paid. Plaintiff by the contract agreed to convey and assure to the defendants in fee simple, clear of all encumbrances whatsoever, except the lien of the United States government, against the land described for its proportionate share of the cost of the construction of the Flathead irrigation system, by a good and sufficient deed. The contract contained the following pertinent provisions with reference to the remedies available to plaintiff in the event of the failure of the defendants to make the payments: ''And in case of failure of said parties of the second part [defendants] to make either of the payments or the interest thereon, or to pay the construction or water charges or any part thereof, or to perform any of the covenants on their part hereby made and entered into, then the whole of said payment and interest shall, at the election of the said first parties, become immediately due and payable, and this contract shall, at the option of the parties of the first part, be forfeited and determined by giving the said second parties thirty (30) days notice in writing, of the intention of the said first parties to cancel and determine this contract, setting forth in said notice the amount due upon said contract and the time and place when and where payments can be made by second parties.

"It is mutually understood and agreed by and between the parties to this contract that thirty (30) days is a reasonable and sufficient notice to be given to said second parties, in case of failure to perform any of the covenants on their part hereby made and entered into, and shall be sufficient to cancel all obligations hereunto on the part of the said first parties and fully reinvest them with all right, title, and interest hereby agreed to be conveyed, and the parties of the second part shall forfeit all payments made by them on this contract, and their right, title and interest in all buildings, fences or other improvements whatsoever and such payments and improvements shall be retained by the said parties of the first part as rent for the premises herein described, and the first parties shall have the right to re-enter and take possession of the premises aforesaid."

It will be observed that no time is specified in the contract on which plaintiff agreed to pay the construction and water charges in question. The property by its terms was not to be conveyed until all payments to be made by the defendants were made and covenants to be performed by them were performed.

A similar contract was before this court for consideration in the case of *Silfvast* v. *Asplund*, 93 Mont. 584, 20 Pac. (2d) 631, 636, wherein we said: 'Consequently, a person may, in good faith, enter into a valid contract to convey at a future time property to which he has no title, or as to which the title is defective, or on which there is an encumbrance, as he may be able to convey good title when the time for passing title arrives. (*Bozdech* v. *Montana Ranches Co.*, 67 Mont. 366, 216 Pac. 319; *Wilson* v. *Corcoran*, 73 Mont. 529, 237 Pac. 521; *Hollensteiner* v. *Anderson*, 78 Mont. 122, 252 Pac. 796; *Friedrichsen* v. *Cobb*, 84 Mont. 238, 275 Pac. 267.) * * * The rule of interpretation of such contracts being that, if title is to be conveyed on payment of the first installment, the covenant to pay that installment and to convey are dependent (*Bailey* v. *Lay*, 18 Colo. 405, 33 Pac. 407), but if the covenant to convey is to convey on payment of the last installment, the covenants to make all payments up to the final installment are independent of the covenant to convey (*Sheeren* v. *Moses*, 84 Ill. 448; *Battey* v. *Beebe*, 22 Kan. 81;

162

*Manning* v. *Brown*, 10 Me. 49; *Powell* v. *Stowers*, 47 Miss. 577; *Biddle* v. *Coryell*, 18 N. J. L. 377, 38 Am. Dec. 521), but the payment of the last installment and the delivery of the deed are dependent and concurrent acts. (*Norris* v. *Letchworth*, 140 Mo. App. 19, 124 S. W. 559; *Glenn* v. *Rossler*, 156 N. Y. 161, 50 N. E. 785; *Christy* v. *Baiocchi*, 53 Wash. 644, 102 Pac. 752.) Compliance with the terms of the contract by the payment of the installments due prior to the final installment, with either constructive or actual knowledge of the existence of clouds on the title to the property, is not a waiver of the requirement to convey marketable title, and the making of such payments, after learning of the alleged defects in title, would not have affected the defendants' rights. (*Key* v. *Vidovich*, 58 Cal. App. 710, 209 Pac. 375; *Craig* v. *White*, 187 Cal. 489, 202 Pac. 648.)''

Under the rule announced by this court, plaintiff, under the ▮ terms of the contract, could not be required to pay the construction and water charges until defendants had paid all of the installments. In other words, plaintiff's covenant to pay these water and construction charges was concurrent with the covenant to pay the last installment. They were shown to be something less than $1,000 in amount, and the final installment under the contract was for that sum. Plaintiff on January 23, 1932, gave notice in writing to the defendants that pursuant to the provisions of the contract she elected to declare the entire balance of the purchase price due and payable, and that it was her intention to cancel and determine the contract if the sum of money remaining due, namely, the sum of $6,000, was not paid within thirty days after the receipt of the notice. Admittedly none of this sum of money was paid, and defendants continued in possession of the property until the time of trial. As to whether they remained in possession thereafter the record does not disclose. To this notice defendants, on February 14, 1932, directed a letter to plaintiff which was received, asserting that by reason of her failure to pay the construction and water charges agreed to be paid by her, they were unable to secure a federal farm loan and unable to secure sufficient water to produce a crop in the year 1931; that whenever she paid these charges they would then per-

form the contract, or if she desired to rescind, a demand was made for the return of the money paid by defendants and the damages by them sustained.

Admittedly the construction and water charges had not been ▮ paid by plaintiff. It appears from the record that some controversy existed between her and the federal government as to whether these charges were properly payable by Mrs. Huston. It appears that on March 2, 1931, a notice was sent by the governmental agency to the defendants, to the effect that delinquent construction charges must be paid before water would be delivered to the land in 1931. This apparently was a formal notice. Defendants testified that the water was turned off at least a portion of the time in the year 1931, and that by reason of the lack of water for irrigation they suffered damage to their crops. Without attempting to review the evidence in detail, it is undisputed in the record that so far as the representatives of the governmental agency in charge of this reclamation project were concerned, no order was given pursuant to this notice, or otherwise, to turn off the water during the year 1931 from defendants' ditches on account of the delinquent construction and water charges. The testimony of the ditch riders was to the effect that they were not ordered to so turn off the water, nor did they in fact turn it off by reason of nonpayment of these charges. The amount of water available for distribution among the water users that year was insufficient for their needs, and although the water was turned off at times during the irrigation season of 1931, the evidence discloses that defendants were accorded the same treatment as were other water users from the same ditch.

Accordingly, the evidence fails to support the contention of the defendants that by reason of the failure of the plaintiff to pay the construction and water charges defendants were deprived of water during the irrigation season of 1931 to their damage. In view of what we have said supra, the court was in error in finding that the plaintiff was in default and in denying plaintiff any relief.

In view of what has been said above, the question arises as to ▮▮ whether plaintiff is entitled to recover the rental value

of the premises subsequent to the expiration of the 30-day period mentioned in the notice of acceleration of maturity and cancellation referred to supra. Strictly speaking, defendant's retention of possession thereafter under the terms of the contract was wrongful and without right, and plaintiff was entitled to retain thereunder the payments theretofore made unless, under the facts, defendants were entitled to equitable relief from the forfeiture provided by the contract, the plaintiff being entitled to recover the reasonable rental value of the premises following the termination of the contract. (*Shelt* v. *Baker*, 79 Ind. App. 606, 137 N. E. 74, 138 N. E. 93.)

Section 8658, Revised Codes 1921, provides: ''Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, wilful, or fraudulent breach of duty.'' This court has construed this statute and has announced the rule thereunder that a person may be relieved under it in any case where he sets forth facts which appeal to the conscience of a court of equity. (*Estabrook* v. *Sonstelie*, 86 Mont. 435, 284 Pac. 147, and cases there cited.) We think the question regarding the default of plaintiff was fairly debatable, although the position of the defendants was erroneous, and accordingly that defendants should be accorded relief in compliance with this section. (*Williams* v. *Hefner*, 89 Mont. 361, 297 Pac. 492; see, also, *Cook-Reynolds Co.* v. *Chipman*, 47 Mont. 289, 133 Pac. 694, and *Fontaine* v. *Lyng*, 61 Mont. 590, 202 Pac. 1112.)

Plaintiff offered testimony as to the reasonable rental value of the premises, and defendants tendered no testimony on this subject. The witnesses variously estimated the rental value at from $350 to $450 a year, and we think that $400, in the light of the testimony, is the correct reasonable rental value.

The cause is remanded to the district court of Lake county with directions to modify the findings in accordance with the views herein expressed, namely, finding that the plaintiff was not in default; that the reasonable rental value of the premises

was $400 a year; that the plaintiff is entitled to a judgment quieting her title against all claims of the defendants under this contract; that the court will ascertain by evidence to be produced whether the defendants are still in possession of these lands and premises at the time of a hearing; if so, it will determine the amount of the reasonable rental value from the date of the first occupancy by the defendants of these lands and premises to the date of the hearing, or such time as the defendants have abandoned or vacated the premises, together with interest at 6 per cent., and if defendants have by use of water during the occupancy of these lands created charges against them which have become a lien upon the lands, the amount of such charges, if any, will be determined and added to the reasonable rental value and interest. The court will further compute the interest on the payments made by defendants in the sum of $2,225 at 6 per cent. from the date of payment, and if defendants have paid any taxes, exclusive of construction and water charges and any additional sum of interest over the $225 heretofore mentioned, which will be determined by evidence to be received on the hearing, that amount will be ascertained and interest computed at 6 per cent. on any sum so found to have been paid and added to the amount of the payments made under the contract and interest. The difference will then be determined between these total sums and a judgment awarded in favor of the party in whose favor this balance so ascertained exists, and if on such determination it is found that any balance is due from plaintiff to defendants, a lien shall be decreed on the lands and premises. The plaintiff will recover her costs in this court and the trial court, and a judgment shall be entered in conformity with the findings so made and awarding the plaintiff the possession of the lands and premises.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES MATTHEWS, STEWART and MORRIS concur.