No. 13342

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

MARK M. MOORE,

Plaintiff and Respondent,

-vs-

HOWARD J. SWANSON and
M. EVELYN SWANSON,

Defendants and Appellants.

---

Appeal from: District Court of the Thirteenth Judicial District,
Honorable C. B. Sande, Judge presiding.

Counsel of Record:

For Appellants:

Ayers and Alterowitz, Red Lodge, Montana
Arthur W. Ayers, Jr. argued, Red Lodge, Montana

For Respondent:

Berger, Anderson, Sinclair and Murphy, Billings,
Montana
Richard Anderson argued, Billings, Montana

---

Submitted: October 13, 1976

Decided: NOV 30 1976

Filed: NOV 30 1976

_Thomas J. Kearney_ Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiff Mark M. Moore, as buyer, brought this action against defendants Swansons, as sellers, to rescind a contract for deed or, in the alternative, to recover money damages. The district court awarded damages to plaintiff, and defendants appeal.

On July 18, 1973, plaintiff and defendants executed a contract for deed whereby defendants agreed to convey to plaintiff the Alpine Village Motel near Red Lodge, Montana and the property upon which the motel was situated, consisting of approximately twelve acres. The purchase price was $98,000, of which $73,000 was payable on terms over ten years.

During negotiations preceding the formal contract, the plaintiff made specific inquiry of defendants concerning water rights available to the property. Defendant Howard Swanson told plaintiff that defendants owned all of the spring rights on the property and that the motel and residence were connected to Red Lodge city water. These respresentations were embodied in the contract by reciting therein the promise that the going business known as the Alpine Village Motel, together with all its "contracts and engagements, benefits and advantages," was assured to the plaintiff-buyer. The contract further warranted fee simple title in the described realty and in "all water rights used in connection therewith."

The evidence adduced at trial established the following facts concerning these "water rights" in the property. The spring rights on the property had been reserved to adjoining land by an instrument executed in 1940. When the defendants purchased the property in 1952, their own deed was subject to this reservation of spring waters to the adjoining owners. However, defendants did not disclose this fact to the plaintiff either in oral negotiations or in the contract for deed. In addition, plaintiff was

- 2 -

never informed of the fact that the city water connected to the property was provided by a private line approximately one thousand feet long. This line ran through and across property owned by the Northern Pacific Railway. The Northern Pacific had given two permits for this line which were absolutely cancelable upon 90 days notice. The permits required that the entire line be maintained and repaired at the user's sole expense. The Northern Pacific permits were not a matter of public record and they were in the defendants' private possession. Their existence was not made known to plaintiff until after he had signed the contract and made payments. Further, the permits were not assignable by defendants without the Northern Pacific's written consent; defendants had never obtained such consent.

The contract herein entitled plaintiff to an abstract of title which "shall show a good record fee simple title in the Sellers." If the abstract disclosed defects not corrected by sellers within a reasonable time, buyer was then given the right to cancel the contract. After plaintiff received the abstract, he had it examined by an attorney. The examination disclosed the reservation of spring rights to plaintiff's neighbors. Plaintiff gave defendants' attorney written notification that he did not accept the abstract, as was his right under the contract. Defendants never took steps to correct these defects.

Another aspect of the transaction concerns the Alpine Village Motel's Triple A rating with the American Automobile Association. During negotiations, defendants specifically told plaintiff that the motel fully complied with Triple A standards. A covenant of the contract required the plaintiff to maintain the motel's membership with the American Automobile Association during the term of the contract. Nevertheless, before the plaintiff and his wife took possession of the premises in accordance

- 3 -

with the contract, defendants received a written deficiency notification from the Association that certain improvements were required; and defendants in no way communicated this information to the plaintiff or his wife. Because of the deficiency notice, plaintiff expended $1,720.13 for the items necessary to retain the motel's Triple A rating.

Regarding both the water rights from the city line and the springs, and the Triple A standards, the plaintiff testified that he would not have purchased the motel property had the defendants apprised him of the facts as they subsequently developed and as we have outlined above.

When it became apparent to plaintiff that the defendants were not going to remedy the title defects or make the necessary improvements to the property, plaintiff filed suit for rescission based upon fraud and failure of consideration, or alternatively, for damages for the reasonable costs of providing a new water supply and for making necessary improvements to maintain Triple A standards in the amount of $10,000. Following a nonjury trial before District Judge C. B. Sande, the court entered findings of fact and conclusions of law denying rescission but awarding plaintiff $8,000 in damages plus a refund of interest. The damages were to be deducted from the total contract price rather than be paid upon judgment, making the contract price $90,000 instead of $98,000. Defendants appeal from the district court's denial of their motion for a new trial, and present three issues for review:

1. Did the district court err in finding that the city water was unavailable to plaintiff as a matter of right?

2. Did the district court err in concluding that city water was a water right under the contract for deed?

3. Was there substantial evidence to support the district court's award of damages to plaintiff?

- 4 -

Denial of rescission is not raised as an issue on appeal.

As to the first issue, the bare facts of the record show that the city water line connecting with the motel property existed for the benefit of the property owners only at the sufferance of the Northern Pacific Railway. The Northern Pacific permit to use the water line was cancelable by it upon ninety days notice. The fact it had not yet been cancelled at the time of trial is immaterial. There was not a scintilla of evidence that the motel property was within the boundaries of the Red Lodge Municipal water service area; so the district court could not indulge in the presumption that the city had a "duty" to furnish water to the property under the rule of Polson v. Public Service Commission, 155 Mont. 464, 473 P.2d 508. Therefore, the city water was not available as a matter of right and the district court did not err in so holding.

In their second issue, defendants contend alternatively that the city water connection was not a "water right" as that term was used in the contract for deed. This issue turns on the meaning of the words used in the contractual description of the real property conveyed: "TOGETHER with all water rights used in connection therewith." Defendants suggest that "water rights" is a term of art referring specifically to property rights regulated by the state under Title 89, R.C.M. 1947. Thus, they say, the city water was not such a specific property right and was not included in the contract. However, such a strict interpretation of the language is untenable under the facts of this case. Plaintiff is an inexperienced buyer of real estate with a ninth grade education. Defendants and plaintiff specifically discussed the use of the city water on the premises in their negotiations and plaintiff communicated to defendants his concern about all

- 5 -

water usable thereon. We are therefore guided by section 13-710, R.C.M. 1947, concerning interpretation of contracts:

> "The words of a contract are to be understood in their ordinary and popular sense, rather than according to their strict legal meaning, unless used by the parties in a technical sense, or unless a special meaning is given to them by usage, in which case the latter must be followed."

The district court was correct in holding that:

> " * * * for purposes of the contract for deed which forms the subject of this action, Red Lodge city water shall be deemed a water right used in connection with the lands sold by defendants to plaintiff."

The final issue raised by defendants is whether the evidence substantiates the award of damages to plaintiff. As shown by the fact that the spring waters on the motel property were owned by adjoining landowners rather than by the owner of the motel property, and by our discussion of the first issue regarding unavailability of city water as a matter of right, it is plain that plaintiff did not receive the water rights for which he contracted. Instead of awarding rescission, the district court determined the reasonable cost of drilling wells and replacing the water system so that plaintiff would not be dependent on his neighbors and the city, and the actual cost of remedying defects in the motel pursuant to the deficiency notice.

With respect to the cost of wells and water, the only evidence at trial was a bid by a local contractor for the construction of a new water system. The estimate was $7,380.70, and the district court found this to be the reasonable cost of constructing an alternative water supply for the motel property. Defendants do not contest the reasonableness of the bid per se, but contend that the proposed construction is unnecessarily large for supplying present water needs to the motel and to plaintiff's residence. However, there is no evidence that the proposed water system would produce an amount of water dis-

- 6 -

proportionately larger than the amount of water which plaintiff contracted to purchase as part of the property from the defendants. Thus the cost of water supply replacement is supported by substantial, uncontradicted evidence and we will not disturb the district court's finding on appeal.

Defendants also claim that the damages awarded for replacement of water supply are speculative as based upon a possibility of future injury. This argument, however, depends upon the erroneous proposition that plaintiff has suffered no legal harm. To the contrary, plaintiff is presently entitled to the benefit of his bargain, that is, the benefit of the adequate water supply which defendants promised to deliver. As heretofore demonstrated, plaintiff is not entitled to city water as a matter of right, nor does he have rights in spring waters reserved to his neighbors. This present injury is compensable as found by the district court.

Finally, the district court did not err in awarding plaintiff his expenses incurred in improving the motel to retain its Triple A rating. It is undisputed that the repair expenses were necessary to meet Triple A standards, and that plaintiff expended the amount awarded. Thus, substantial evidence supports the findings and conclusions of the district court.

The "as is" disclaimer clause regarding condition of premises does not bar plaintiff's recovery of repair damages. Defendants represented to plaintiff that the motel was in all respects in compliance with Triple A standards, when in fact it was not. The district court correctly found this representation to be material to the transaction and a matter contributing to a partial failure of consideration on defendants' part. Therefore, damages are appropriate to compensate the plaintiff. Compare: Fontaine v. Lyng, 61 Mont. 590, 202 P. 1112.

Finding no error, we affirm the judgment of the district court.

_Frank I. Haswell_
_____
Justice

We concur:

_James T. Harrison_
_____
Chief Justice

_John Conway Harrison_
_____

_Gene B. Daly_
_____
Justices

_LeRoy L. McKinnon_
_____
Hon. LeRoy L. McKinnon, District
Judge, sitting in place of Mr.
Justice Wesley Castles.